**HWEI–JEN CHOU, and Yu-Ching Chou (Chen), Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 85–4218 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1985.

---

David A. Kattan, New Orleans, La., for petitioners.

Edwin Meese, III, Atty. Gen., U.S. Dept. of Justice, Washington, D.C. Robert L. Bombaugh, Director Office of Immigration Litigation, Linda B. Adams, Atty., Civ. Div., Allen W. Hausman, Asst. Director, Washington, D.C., for respondent.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

## OPINION

EDITH HOLLAN JONES, Circuit Judge.

This court has jurisdiction to review the determination of the Board of Immigration Review under Section 106(a) of 8 U.S.C. § 1105a(a).

The appellants, Hwei-Jen Chou and his wife Yu-Ching Chen Chou, natives and citizens of the Republic of China, entered the United States at Los Angeles, California on August 12, 1982 and were initially allowed to remain until October 15, 1982, admitted as nonimmigrant visitors for pleasure. They were granted no extensions. They nevertheless overstayed and during their overstay made a business investment. The INS brought suit under Section 241(a)(2) and 8 U.S.C. § 1251(a)(2) charging that appellants were non-immigrants staying longer than permitted. Appellants denied that they had stayed past the authorized date.

As the immigration judge noted, in order to sustain its burden of proof in a case involving the overstay of legally admitted noncitizens, the government need only establish that the noncitizen was admitted for particular and set time period, that that period has elapsed, and that the noncitizen has failed to depart. *Woodby v. INS,* 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); *Matter of Teberen,* 15 I & N Dec. 689 (BIA 1976). The immigration judge found that the government had met this burden, and appellants do not contest that finding on appeal.

Appellants applied for "voluntary departure" which the government finds proper under Section 244(e) and does not contest. The immigration judge determined that appellants should be allowed to stay on under "voluntary departure" for sixty days past the date of judgment in order to conclude their business in the United States. Appellants contend before this court that that time is too short for their necessary business to be conducted, that the immigration judge mistakenly considered the appellants' investment as illegal under the immigration law when in fact it is not, and that the appellants' trial within sixty days of being charged violated constitutional due process when compared with immigration cases that have been set for trial and yet not brought to trial for periods up to and exceeding one year.

We find all three contentions to be without merit. The Immigration court and not the INS sets the date of trial in such cases, and that court has the power to set its own docket in the manner it sees fit to promote the most efficient disposition of cases before it. *Matter of Quintero,* 18 I & N Dec. 348 (BIA 1982). There is no evidence of "selective enforcement" by the INS.

The Immigration court did not adversely consider the investment or the nature of the investment from which appellants wish more time to extirpate themselves. Rather, the court considered the uncontested fact that the investments were made after the appellants' initial departure

date which appellants should have honored, and hence appellants' involvement in that investment should not weigh substantially in their favor in determining the voluntary departure period.

 Review of the trial court's determination that sixty days was a fair and sufficient time in which to depart is made by this court on an abuse of discretion standard. In view of the fact that the normal time extended under such circumstances is thirty days, we cannot conclude that the immigration judge abused his discretion. As the Immigration Review Board aptly noted, pursuant to 8 C.F.R. § 3.6, appellants received an automatic stay upon appealing to the Immigration Review Board. By virtue of the delay in the appellate process, appellants have now stayed in the United States for a period of time far exceeding the sixty-day period they now appeal, which ended February 7, 1983. To this extent, the appeal is therefore moot. For the reasons above stated, appellants' petition for review is DENIED.