**Bhima Nathubhai PATEL, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 85–4888**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 28, 1986.

Marshall M. Taheri, Houston, Tex., David H. Lambert, Dist. Director, I.N.S., New Orleans, La., Paul B. O'Neill, Dist. Director, Houston, Tex., for respondent.

Robert L. Bombough, Madelyn E. Johnson, Allen W. Hausman, Millicent Y. Clarke, Robert Kendall, Jr., Washington, D.C., for petitioner.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

EDITH HOLLAN JONES, Circuit Judge:

Bhima Nathubhai Patel appeals the order of deportation entered, *in absentia,* by the immigration law judge and affirmed by the Board of Immigration Appeals. Because we find Patel's due process challenge to the proceeding meritless, we AFFIRM.

Patel, a native of India and a citizen of England, was summoned to a deportation hearing after exceeding two authorized stay periods. Patel was notified, on May 19, 1985, of the hearing which was scheduled for June 19, 1985. Patel's first attorney requested a continuance because of a schedule conflict, which was subsequently resolved. Patel's replacement attorney, upon being retained about a week before the hearing, also requested a continuance, which was denied. The hearing commenced as scheduled, but neither Patel nor his attorney appeared. The immigration

judge proceeded *in absentia,* and after reviewing the documentary evidence, ordered Patel deported to England, or alternatively to India.

On appeal to this court, Patel first urges that, by proceeding *in absentia,* the immigration judge impermissibly violated his fifth amendment right to due process as well as his sixth amendment and statutory right to counsel of his choice. Because deportation is a purely civil proceeding, "various protections that apply in the context of a criminal trial do not apply in a deportation hearing." *INS v. Lopez-Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 3484, 82 L.Ed.2d 778 (1984). Patel does have a statutory right to representation (but not at government expense) pursuant to section 242 of the Act, 8 U.S.C. § 1252(b). Contrary to his assertion, however, his constitutional claim is rooted not in the sixth amendment right to counsel, but in the fifth amendment right to due process. *Ramirez-Osorio v. INS,* 745 F.2d 937, 944 (5th Cir.1984); *Barthold v. INS,* 517 F.2d 689, 690 (5th Cir.1975). The question whether his due process rights have been abridged depends on whether he was afforded a fair hearing. The fact that the hearing was held *in absentia* is not *per se* violative of due process. *Shah v. INS,* 788 F.2d 970 (4th Cir.1986). See also *United States v. Dekermenjian,* 508 F.2d 812 (9th Cir.1974).

Section 242(b), which sets forth the test for when an *in absentia* proceeding is permissible, provides, in pertinent part:

If any alien has been given *a reasonable opportunity to be present at a proceeding* under this section, and *without reasonable cause fails or refuses to attend* or remain in attendance at *such proceeding,* the special inquiry officer may proceed to a determination in like manner as if the alien were present. (emphasis added).

Patel was clearly afforded a "reasonable opportunity to be present." He and his first attorney received notice of the hearing the month before the scheduled date. His second attorney became apprised of the hearing date no later than a week before the hearing, on July 11, when he submitted a request for continuance. Further, the notice contained clear warnings of the consequences to Patel for failing to appear, including the possibility of an *in absentia* hearing as well as an order of deportation being entered.

Patel's failure to appear may be excused if he demonstrates "reasonable cause" for his absence. In his appeal to the Board, however, Patel offered no reason for not appearing, and in his appeal to this court, he elaborates that he did not attend the hearing at the advice of his attorney. Patel's counsel contends that he failed to appear because he had expected that his motion for continuance would be granted. As the Board correctly noted, the mere submission of a motion for continuance does not relieve an alien or his counsel of the obligation to appear for a noticed hearing. Until the motion was granted, Patel was required to attend the hearing. Further, Patel's attorney was notified the morning of the hearing that his motion for continuance had been denied, but made no effort to be present himself or ensure Patel's appearance. Under these circumstances, we agree with the Board's conclusion that no reasonable cause was shown for the failure to appear.

The second prong of Patel's due process contention concerns the refusal by the immigration judge to grant a continuance. The grant of a continuance rests in the sound discretion of the immigration judge, who may grant an adjournment of a deportation hearing only for "good cause." 8 C.F.R. § 242.13; *Olvera v. INS,* 504 F.2d 1372, 1374 (5th Cir.1974). In his motion, Patel's second attorney gave as his reasons for seeking a continuance, a conflicting engagement and a need to prepare. The attorney, however, presented no evidence to the immigration judge or the Board to support his contention of a "conflicting engagement." In fact, by his own admission, he was in his office on the afternoon of the hearing. With regard to "need to prepare," the immigration judge and the Board carefully considered the attorney's

experience (a Board certified specialist) and the lack of complexity of the case and appropriately concluded that a week's preparation was adequate time. See *Olvera,* 504 F.2d at 1374.

Further, to sustain a due process challenge to a deportation proceeding, an alien must show substantial prejudice. *Ka Fung Chan v. INS,* 634 F.2d 248, 258 (5th Cir.1981). Patel has not challenged the finding of deportability nor has he established or even alleged eligibility for discretionary relief. Consequently, Patel has failed to show prejudice. Patel's remedy, if he has evidence why he should not be deported, is to file a motion to reopen before the Board. 8 C.F.R. § 103.5. The factual record here and the applicable law fully support the Board's finding that the immigration judge's decision both as to denying the motion for continuance and proceeding *in absentia* was appropriate.

For the foregoing reasons, the decision of the Board of Immigration Appeals is AFFIRMED.