942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mirna BARRERA-ORDENANA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1991.*
Decided Aug. 23, 1991.
 
 1
 Before WALLACE, Chief Judge, CHAMBERS, Circuit Judges, and TANNER, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Mirna Barrera-Ordenana, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the immigration judge's decision denying her applications for relief from deportation for lack of prosecution, following a hearing held in absentia. The immigration judge found Barrera-Ordenana deportable as charged and denied her requests for asylum, withholding of deportation, and voluntary departure.
 
 
 4
 On March 10, 1989, Petitioner failed to appear at her deportation hearing. The immigration judge had previously warned her that if she failed to appear, "I may proceed in your absence and order you deported." At the hearing, the judge checked with counsel to determine petitioner's whereabouts, but counsel could provide no answers. After a fifteen minute wait, the immigration judge denied counsel's motion for a continuance and denied petitioner's applications for asylum, withholding of deportation, and voluntary departure for lack of prosecution. The judge ordered petitioner deported to Nicaragua.
 
 
 5
 Barrera-Ordenana appealed this decision to the BIA on March 14, 1989. On July 27, 1990, the BIA dismissed the appeal. We review the BIA's dismissal under the abuse of discretion standard.
 
 
 6
 Barrera Ordenana attorney's brief states that she arrived at the deportation hearing thirty minutes late because of car trouble. However, the record contains no affidavits or evidentiary materials attesting to this.
 
 
 7
 In its dismissal of Barrera-Ordenana's appeal the BIA discussed the fact that since no new evidence had been placed before it, they could only consider the same material the immigration judge had, and under that circumstance the immigration judge had correctly ordered Barrera-Ordenana deported. A hearing may proceed in absentia when the alien had notice of the hearing, had an opportunity to attend, and showed no reasonable cause for failure to attend. Matter of Patel, Interim Decision 2993 (BIA 1985), aff'd Patel v. INS, 803 F.2d 804 (5th Cir.1986).
 
 
 8
 However, as the BIA stated in its decision:
 
 
 9
 The Board may remand for a hearing to allow the respondent to attempt to establish reasonable cause for her failure to appear for the scheduled hearing or excusable neglect to timely file an asylum application, but only if the explanation and supporting material, submitted on appeal, if left uncontroverted would meet the criteria for a motion to reopen. The requirements for a motion to remand are essentially the same as those for a motion to reopen. Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987).
 
 
 10
 Generally if the cause of the alien's failure to appear relates to facts not before the immigration judge at the time of his decision, the petitioner may petition to have the case reopened. Matter of Haim, Interim Decision 3060 (BIA 1988). To accomplish this, petitioner must support the new facts by affidavits or other evidentiary material. 8 C.F.R. § 103.5; INS v. Wang, 450 U.S. 139 (1981). If petitioner made that showing, the immigration judge must grant the motion. See 8 C.F.R. §§ 3.1(b), 3.3.
 
 
 11
 However, because Barrera-Ordenana included no supporting documents, the BIA was unable to remand. Therefore, although the consequences are harsh, the BIA did not abuse it's discretion in dismissing Barrera-Ordenana's appeal.
 
 
 12
 The petition for review is denied. However, we stay the issuance of the mandate for 30 days to allow petitioner an opportunity to file a motion for reconsideration or a motion to reopen with appropriate supporting documents.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, U.S. District Judge for the District of Western Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3