45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mercedes Yanet RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3201.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1994.
 
 Before: MARTIN, JONES, and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mercedes Yanet Rodriguez seeks judicial review of the decision by the Board of Immigration Appeals denying her petition for discretionary waiver of deportation pursuant to Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). For the following reasons, we affirm the decision of the Board of Immigration Appeals.
 
 
 2
 Rodriguez, a citizen of the Dominican Republic, was charged with deportability in 1992, after being convicted of several federal narcotics violations. The immigration judge denied her application for a waiver of deportation under Section 212(c), and the Board of Immigration Appeals dismissed her subsequent appeal. This Court remanded Rodriguez's initial petition for judicial review to the Board of Immigration Appeals for clarification. On August 30, 1993, the Board of Immigration Appeals reaffirmed its prior decision. This petition for review was then reinstated.
 
 
 3
 Aliens who have been convicted of serious drug offenses must establish unusual or outstanding equities in order to become candidates for waiver under Section 212(c). Craddock v. I.N.S., 997 F.2d 1176, 1177 (6th Cir.1993). The decision-maker must then weigh those equities against the adverse factors established in the record, id. at 1178, ultimately balancing the "alien's undesirability as a permanent resident against the social and humane considerations presented in her behalf." Id. at 1179 (citation omitted). In the instant case, the immigration judge found that although Rodriguez had established such outstanding equities, they were "simply insufficient to overcome the extremely serious nature of the offenses for which she was convicted." The Board of Immigration Appeals affirmed the immigration judge's decision.
 
 
 4
 This Court reviews an order of the Board of Immigration Appeals denying waiver of deportation for abuse of discretion. Id. at 1178; Gonzalez v. I.N.S., 996 F.2d 804, 808 (6th Cir.1993). Accordingly, we must consider whether the decision to deny Rodriguez's application lacked a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular group. Craddock, 997 F.2d at 1179. Moreover, Rodriguez bears the burden of demonstrating that her application for a waiver from deportation deserved favorable consideration. Gonzalez, 996 F.2d at 811.
 
 
 5
 Rodriguez argues that the immigration judge failed to consider the positive equities and evidence favorable to her. We disagree. First, Rodriguez's observations that deportation could have provided a basis for seeking a downward departure in sentence and that she will be incarcerated for an additional time after serving her sentence while awaiting deportation are immaterial, given that she failed to seek a downward departure at sentencing. We cannot now speculate as to the likelihood of downward departure at sentencing. In addition, we find that the immigration judge did favorably assess Rodriguez's family ties and other links to the United States when reviewing her application. He also gave adequate consideration to the evidence of rehabilitation that she presented, although he ultimately afforded it little weight. Id. at 811-12.
 
 
 6
 Rodriguez also raises several due process claims. Although the Fifth Amendment due process guarantee applies to deportation hearings, Almario v. Attorney General, 872 F.2d 147, 151 (6th Cir.1989), Rodriguez was required to show that she was prejudiced by the alleged errors in order to prevail. Patel v. I.N.S., 803 F.2d 804, 807 (5th Cir.1986); Vides-Vides v. I.N.S., 783 F.2d 1463, 1469 (9th Cir.1986). Her claim that the immigration judge improperly questioned her without advising her of her Fifth Amendment rights fails, given that Rodriguez did not invoke her right to avoid self-incrimination. Further, Rodriguez lacks standing to raise this issue on behalf of her witnesses. United States v. White, 322 U.S. 694, 704 (1944). In any event, Rodriguez has not shown that she was prejudiced by this alleged error. Similarly, Rodriguez has not shown that she was prejudiced by the immigration judge's alleged failure to allow her to be present at the deportation hearing. We note that Rodriguez was represented by counsel at that hearing and that no objection to her alleged absence appears on the record. Finally, to prevail on her claim that Bureau of Prisons employees violated her constitutional rights by monitoring attorney-client communications, Rodriguez must show that those actions rose to the level of due process violations, because the Sixth Amendment right to counsel does not apply to deportation proceedings. Saleh v. United States Dep't of Justice, 962 F.2d 234, 241 (2d Cir.1992). She has not done so, nor has she shown how the alleged actions prejudiced her deportation proceedings.
 
 
 7
 The decision of the Board of Immigration Appeals is AFFIRMED.