53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose MALILAY; Virginia S. Malilay; Thomas Jefferson Malilay
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70721.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1995.
Decided April 20, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners, a husband, wife, and minor child, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") decision finding them deportable as charged. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 I.
 
 3
 On June 17, 1988, neither petitioners nor their counsel appeared at their final deportation hearing based on their alleged belief that the hearing had been continued. The IJ, having no notice of the request for a continuance until the morning of the hearing, denied it and conducted the hearing in absentia. The Immigration and Naturalization Service ("INS") presented the remainder of their case. The IJ found the petitioners deportable as charged, but granted their request for voluntary departure.
 
 II.
 
 4
 Petitioners contend that the BIA erred in affirming the IJ's denial of the continuance and in denying their motion to reopen their case. We review a decision not to grant a continuance for abuse of discretion, De la Cruz v. INS, 951 F.2d 226, 229 (9th Cir. 1991), and a denial of a motion to reopen for abuse of discretion, Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir. 1994). We conclude that the BIA did not abuse its discretion.
 
 
 5
 The IJ may grant a continuance for good cause shown. 8 C.F.R. Sec. 3.29. Assuming the IJ denies the continuance, a hearing may be held in petitioner's absence when the alien had notice of the hearing, a reasonable opportunity to be present at the proceeding, and showed no reasonable cause for failure to attend. 8 U.S.C. Sec. 1252(b). However, an alien is entitled to have his case reopened and decided on the merits if he can show "reasonable cause" for the failure to appear. See Matter of Ruiz, Int. Dec. 3116 (BIA 1989).
 
 
 6
 The BIA treated the petitioners' motion to reopen as a motion for remand, and subsequently denied it. We conclude that the BIA did not abuse its discretion because the petitioners have failed to establish reasonable cause for their absence. Although petitioners' counsel contends that he was "led to believe" that the stipulated continuance had been granted, this was not a reasonable belief. The IJ never granted the motion to continue, and counsel possessed no indication that it had been granted. See Hernandez-Vivas, 23 F.3d at 1559-60 (timely filing of motion to change venue that had not been granted or denied at time of hearing did not demonstrate reasonable cause for failure to appear). It is not reasonable to assume that a motion has been granted. In fact, petitioners' counsel's telephone message to the IJ on the eve of the hearing appears to indicate his knowledge that the motion had not been granted. Because petitioners have failed to demonstrate good cause for the continuance or reasonable cause for their absence, it was not an abuse of discretion for the BIA to affirm that IJ's denial of the continuance or to deny the motion to reopen.
 
 III.
 
 7
 Petitioners also allege that the IJ violated their due process rights by denying them their right to present evidence and cross-examine witnesses by conducting the final hearing in their absence. We review due process challenges de novo. Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir. 1988).
 
 
 8
 The Government must provide reasonable notice and an opportunity to be heard to satisfy the minimum requirements of due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) Further, to sustain a due process challenge to a deportation proceeding, the alien must establish prejudice. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir. 1985); see also Patel v. INS, 803 F.2d 804, 807 (5th Cir. 1986).
 
 
 9
 Petitioners had notice of the new hearing date nearly two months in advance. They had also been warned of the potential consequences of their failure to appear, including the possibility of proceeding in absentia. Because we conclude that the petitioners were given notice and a reasonable opportunity to appear at their deportation hearing, and that they did not demonstrate reasonable cause for failing to appear, we also conclude that they are unable to establish prejudice as a result of their absence.
 
 
 10
 Finally, the IJ did not err in allowing the I-213 and WR-424 forms into evidence. Civil deportation proceedings are not governed by strict rules of evidence. Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995). The test is that the evidence must be probative and its use must be fundamentally fair. Trias-Hernandez v. INS, 528 F.2d 366, 369 (9th Cir. 1975). There is no indication that the use of the forms was not fundamentally fair. See Espinoza, 45 F.3d at 308 ("burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it"). The forms were properly authenticated, and the officer who prepared the forms testified at the hearing. See id. We do not reach the admissibility of the computer printouts because the INS established alienage by admissible, clear, convincing, and unequivocal evidence of the I-213 and WR-424 forms and the Philippine birth certificates. See Woodby v. INS, 385 U.S. 276, 277 (1966).
 
 
 11
 The petition for review of the BIA's decision is DENIED.
 
 HAWKINS, Circuit Judge, concurring:
 
 12
 I concur in the affirmance here only because I am convinced the Malilays could not succeed on the merits. In doing so, I note that Immigration Judges have an obligation -- not met here -- to be scrupulously fair in approving continuances sought by either the government or the petitioner.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3