IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60258

Summary Calendar
_____


FRANCIS OSA EHIGIE,

                              Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

                              Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A26 088 636)
_____
November 21, 1995
Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Francis Osa Ehigie challenges a final order of deportation

issued by the Board of Immigration Appeals (BIA).  Finding no

error, we dismiss the petition for review.


Waiver of Admissibility under § 212(c)

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Ehigie argues that the BIA erred in denying his application for a waiver of admissibility under § 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1182(c).  Section 212(c) provides in pertinent part:

> Aliens lawfully admitted for permanent resident [sic] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . .

8 U.S.C. § 1182(c).  The statute has been interpreted to apply not only to aliens who briefly left and then reentered the country, but also to those who have not left the country and are facing deportation.  See Ghassan v. INS, 972 F.2d 631, 634 n.2 (5th Cir. 1992), cert. denied, 113 S. Ct. 1412 (1993).  This court reviews the BIA's denial of an applicant's petition for relief under § 212(c) for abuse of discretion.  Ghassan, 972 F.2d at 634-35.

> Under this standard, the Board's decision may be reversed as an abuse of discretion when it is made without rational explanation, or inexplicably departs from established policies.  Further, a decision by the Board may be found arbitrary if the Board fails to address meaningfully all material factors extant.

Id. at 635.  In considering § 212(c) applications, the immigration judge (IJ):

> must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interests of this country . . . .

2

Diaz-Resendez v. INS, 960 F.2d 493, 495-96 (5th Cir. 1992) (internal quotation and citation omitted).  The factors the BIA considers are equities.  Ghassan, 972 F.2d at 635.

Among the adverse factors considered by the BIA are the nature and underlying circumstances of the deportation grounds at issue.  Ghassan, 972 F.2d at 634.  Other adverse factors include the presence of additional significant violations of immigration laws, the existence of a criminal record, and if so, its nature, recency, and seriousness, and the presence of other evidence indicative of bad character or undesirability.  Id.

Favorable factors include family ties within the United States; residence of long duration in this country, particularly when inception of residence occurred while respondent was of a young age; evidence of hardship to the respondent and family if deportation occurs; a history of employment; the existence of property or business ties; evidence of value and service to the community; proof of a genuine rehabilitation if a criminal record exists; and other evidence of good character.  Id.

In denying Ehigie's application for a waiver, the IJ reasoned that Ehigie failed to demonstrate any unusual or outstanding equities and that even had Ehigie demonstrated such equities, his extensive criminal record and the amount of time spent in prison compared to the length of his permanent residence would probably mandate the denial of the application.  The IJ considered that Ehigie had a wife and daughter, both of whom were citizens of the United States.  She noted, however, that neither

3

Ehigie's wife nor daughter showed much interest in him.  She also noted that Ehigie's employment history was spotty, that his value and service to the community was not unusual, and that the hardship on Ehigie and his family if Ehigie were deported was not unusual or outstanding.

The BIA, in adopting the IJ's reasons for denying the § 212(c) waiver application, adequately addressed the factors weighing both in favor and against granting Ehigie's § 212(c) application and determined that the application should not be granted.  The decision was not "without rational explanation," nor did the BIA "inexplicably depart from established policy." Ehigie has not established that the BIA abused its discretion in this regard.

Ehigie argues that the IJ's denial of a continuance during which he could have compiled supporting documents for his application for a § 212(c) waiver violated his due process and equal protection rights.  The BIA concluded that because Ehigie identified no additional evidence which might have changed the outcome of the hearing, his contention that the IJ erred in denying a sixth continuance of the proceedings lacked merit.  The denial of a continuance was not an abuse of discretion.

Applications for Adjustment of Status and Waiver of Deportation

Ehigie does not contest the requirement of a Form I-130 in order for him to be considered for an adjustment of status or for a § 212(h) waiver of deportation.  Rather, he argues that he

4

explained to the IJ that his wife had difficulty getting to the INS office to file the Form I-130 for lack of transportation. He argues that his wife did, in fact, file a Form I-130 on his behalf by mail. As the INS notes, the only proof Ehigie offers in support of his contention that his wife did in fact file the Form I-130 is a receipt reflecting that he paid the filing fee on February 2, 1995, more than two months after the November 21, 1994 hearing.

This court is authorized to review only the decision of the BIA, and not that of the IJ. Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir. 1993). The court may consider errors by the IJ only to the extent that they affect the BIA's decision. Id.

"To qualify for a § 212(h) adjustment of status or waiver of inadmissibility . . . [Ehigie] must show that his exclusion would result in `extreme hardship' to a qualifying family member." Onyebuchi v. INS, No. 94-41176, slip op. at 2 (5th Cir. July 19, 1995) (unpublished). The regulations provide that

> [b]efore an application for an adjustment of
> status under section 245 of the Act may be
> considered properly filed, a visa must be
> immediately available. If a visa would be
> immediately available upon approval of a visa
> petition, the application will not be
> considered properly filed unless such
> petition has first been approved.

8 C.F.R. § 245.2(a)(2)(i). Because Ehigie sought to adjust his status based upon his marriage to a United States citizen, such proof should have been furnished by an approved immediate relative petition, Form I-130. See 8 C.F.R. § 204.2; Ikhifa v. INS, No. 93-5030 (5th Cir. January 25, 1994) (unpublished); see

5

<u>Ikhifa v. INS</u>, No. 92-4710 (5th Cir. March 18, 1993) (unpublished).

At the September 16, 1994, hearing before the IJ, the IJ warned Ehigie that an immediate relative visa petition had to be filed on Ehigie's behalf by his wife and approved by the INS before he could be considered for a § 212(h) waiver or for readjustment of status. The BIA noted that during the proceedings, the IJ repeatedly advised Ehigie that his wife's visa petition had not been properly filed with the INS and that it had to be approved before Ehigie could apply for adjustment of status in conjunction with a § 212(h) waiver. The BIA noted that although Ehigie acknowledged his understanding of the IJ's warning, he failed to submit the required documents. The immigration court "has the power to set its own docket in the manner it sees fit to promote the most efficient disposition of cases before it." <u>Hwei-Jen Chou v. INS</u>, 774 F.2d 1318, 1319 (5th Cir. 1985). The BIA did not abuse its discretion in pretermitting Ehigie's applications for readjustment of status and for a § 212(h) waiver of inadmissibility.

Ehigie argues that the IJ violated his due process and equal protection rights in denying his motion for a seven-day continuance during which time he could have completed his application for a § 212(h) waiver. "The grant of a continuance rests in the sound discretion of the [IJ], who may grant an adjournment of a deportation proceeding only for `good cause.'"

6

<u>Patel v. INS</u>, 803 F.2d 804, 806 (5th Cir. 1986).  The refusal to grant a sixth continuance was not an abuse of discretion.

<u>Application for Asylum</u>

Ehigie argues that the BIA erred in denying his application for political asylum and withholding of deportation based upon his membership in a particular social group in Nigeria.  The BIA noted that although Ehigie's persecution claim was only fully considered in his original proceeding, and not in the last proceeding before the IJ, the BIA concurred with the IJ's decision to deny asylum.  The BIA determined that Ehigie failed to establish that he was eligible for relief or that he merited asylum.  On this basis, the BIA rejected Ehigie's contention that he should be granted another opportunity to relitigate his persecution claim.  <u>Id.</u>

This court generally reviews the BIA's determination that the petitioner is ineligible for asylum or withholding of deportation to determine if it is supported by substantial evidence in the record.  <u>See</u> 8 U.S.C. § 1105a(a)(4); <u>Faddoul v. INS</u>, 37 F.3d 185, 188 (5th Cir. 1994).  This court will not reverse the BIA's finding merely because it disagrees with the BIA's evaluation of the facts.  <u>Jukic v. INS</u>, 40 F.3d 747, 749 (5th Cir. 1994).  Under the substantial evidence test, this court may not reverse the BIA's factual determination unless the evidence compels it.  <u>Chun v. INS</u>, 40 F.3d 76, 78 (5th Cir. 1994).  The alien must "show that the evidence . . . was so

7

compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). At a hearing before the IJ, Ehigie testified that although he would be unable to return to the area of Nigeria in which his tribe was located, he would be able to visit other parts of Nigeria. This evidence does not compel a reversal of the BIA's determination that Ehigie failed to prove the requisite fear of persecution.[1]

DISMISSED.

---

[1] Ehigie argues that he should be afforded the opportunity to reapply for adjustment of status. He appears to be asking this court to reopen his deportation proceedings. This appeal is not the proper vehicle to ask for such relief.