**Irene Tamuno ODOM, Petitioner,**

v.

**Arthur E. STRAPP, District Director, U.S. Immigration and Naturalization Service, Respondent.**

**No. 3:96–CV–0162–T.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 17, 1996.

Ollie R. Jefferson, Arlington, Texas, for petitioner.

Paula Billingsly, Assistant United States Attorney, Dallas, Texas, for respondent.

### ORDER DENYING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

MALONEY, District Judge.

On January 17, 1996, Petitioner filed a writ of habeas corpus to challenge her custody pursuant to a deportation order issued by the U.S. Immigration and Naturalization Service. Petitioner also filed an application for a temporary restraining order. The Court held a hearing on the temporary restraining order on January 17, 1996. Both parties attended. After considering the application and the argument and evidence presented at the hearing, the Court is of the opinion that the application should be denied.

Petitioner is in the custody of Respondent pursuant to an order of deportation issued by an Immigration Judge in Dallas, Texas, on October 23, 1993. Petitioner appealed the decision within the Immigration Service, and the appeal was dismissed March 16, 1994. By a notice of surrender dated June 21, 1994, the Immigration Service directed Petitioner to report to its office for deportation. The evidence establishes that Petitioner received the notice in July, 1994. Petitioner did not respond to the notice and was subsequently arrested in September, 1995.

On September 29, 1995, Petitioner filed with the Immigration Service a motion to reopen deportation proceedings and for a stay of deportation. A stay of deportation was granted until December 20, 1995. As the basis for her motion to reopen and for her petition for habeas corpus, Petitioner contends that she was denied due process on the grounds that her attorney representing her in the deportation proceedings rendered ineffective assistance. With this application, Petitioner seeks a temporary restraining order to prevent her deportation pending the consideration of her habeas petition.

To obtain a temporary restraining order, Petitioner must show: (1) that she has a substantial likelihood of success on the mer-

its; (2) that a substantial threat of irreparable injury will result if the order is not granted; (3) that the threatened injury outweighs any harm to Respondent; and (4) that granting the application will not disserve the public interest. *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974) (preliminary injunction); *Dilworth v. Riner*, 343 F.2d 226, 229 (5th Cir.1965) (stating that an application for a temporary restraining order is equivalent to an application for a preliminary injunction where a summary hearing is held on the application).

■■■ Petitioner fails to show a substantial likelihood of success on the merits. She contends that she was denied due process because her attorney rendered ineffective assistance during her deportation proceedings. Petitioner has a statutory right to representation by counsel, but not at government expense. 8 U.S.C. § 1252(b); *Patel v. United States Immigration and Naturalization Svc.*, 803 F.2d 804, 806 (5th Cir.1986). Petitioner's due process rights were violated only if she was not afforded a fair hearing. *Patel*, 803 F.2d at 806; *Ramirez v. Immigration and Naturalization Svc.*, 550 F.2d 560, 562–64 (9th Cir.1977). Also, a claim of denial of due process because of ineffective assistance of counsel must allege sufficient facts to allow the Court to infer that competent counsel would have acted otherwise. *Mantell v. United States Dept. of Justice*, 798 F.2d 124, 127 (5th Cir.1986).

■■ Respondent presents the detention order of the Immigration Judge of October 23, 1993. The Immigration Judge found that Petitioner was in the country illegally and should be deported. From the written decision of the Immigration Judge, it is clear that he took testimony from Petitioner, two of her friends, and an INS examiner. The Immigration Judge also considered various documents, including Petitioner's immigration file, marriage license, statement, evidence concerning her divorce, tax and educational records, payroll information, a naturalization application, and state criminal court records concerning charges filed against Petitioner.

In denying Petitioner's motion for suspension of deportation, the Immigration Judge found that Petitioner had failed to show that she would face extreme hardship by a deportation. In denying her motions for suspension of deportation and for voluntary departure, he found that the evidence indicated that Petitioner lacked good moral character in that she exhibited a "pattern of deceitful conduct" by providing false information about her background of criminal charges in an INS form and in her U.S. tax records.

Petitioner fails to show that she was not afforded a full and fair hearing at her deportation proceedings. She does not allege specific facts concerning actions taken by her attorney at the hearing from which the Court can infer that competent counsel would have acted otherwise. She does contend that her attorney at the time filed a notice of appeal of the Immigration Judge's order but that her attorney failed to file a brief challenging the order or to timely notify her that her appeal had been subsequently dismissed. While a competent counsel can be expected to follow up a notice of appeal with the appropriate brief addressing the challenged issues, Petitioner does not address such issues or demonstrate how she was prejudiced by a failure to file a brief on appeal. *See Burquez v. Immigration and Naturalization Svc.*, 513 F.2d 751, 754 (10th Cir.1975) (holding that an alien was not denied due process where he was without counsel at a deportation hearing because he failed to show he was prejudiced by the absence of counsel). Moreover, the appellate board for the Immigration Service did not dismiss her appeal for failure to file a brief. Instead, it reviewed the record of the proceedings and the Immigration Judge's decision and affirmed the decision on its merits. Petitioner makes no showing that the result of the appeal would have been different had competent counsel filed a brief.

In summary, Petitioner fails to show that she has a substantial likelihood of succeeding on the merits of her habeas petition. Accordingly, her application for a temporary restraining order is denied.

It is therefore **ORDERED** that Petitioner's Application for a Temporary Restraining Order, filed January 17, 1996, is **denied.**