United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 04-61004

(Summary Calendar)

————————

ANDREW ENYIOKO,

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

————————————————————————————————

Petition for Review from the
Board of Immigration Appeals
No. A 78 564 229

————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

    Andrew Enyioko ("Enyioko") petitions for review of the dismissal of his appeal by the Board

of Immigration Appeals ("BIA"). The Immigration Judge (IJ) denied Enyioko's motion for a

————————

    *    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

continuance based on its determination that Enyioko had not shown good cause. The BIA affirmed that determination. As he did below, Enyioko argues that the evidence he presented to the IJ demonstrated good cause for a continuance.

This court reviews the denial of a motion for continuance for abuse of discretion. *Patel v. U.S. INS*, 803 F.2d 804, 806 (5th Cir. 1986); *Olvera v. INS*, 504 F.2d 1372, 1374 (5th Cir. 1974). An IJ may grant a continuance for good cause. 8 C.F.R. § 1003.29; 8 C.F.R. § 1240.6.

Enyioko argues that his pending petition for adjustment of his status, based on his marriage to a US citizen, constituted good cause for a continuance. The couple were not married until after the removal proceedings against him began. Enyioko was therefore ineligible to seek to adjust his status on the basis of the marriage unless he could produce clear and convincing evidence that "the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place, was not entered into for the purpose of procuring the alien's entry as an immigrant, and no fee or other consideration was given . . . for the filing of a petition." *See* 8 C.F.R. § 1245.1(c)(9)(iii)(F). Such evidence may include: documentation showing joint ownership of property; a lease showing joint tenancy of a common residence; documentation showing commingling of financial resources; birth certificates of children born to the applicant and his or her spouse; affidavits of third parties having knowledge of the bona fides of the marital relationship; or other documentation establishing that the marriage was not entered into in order to evade the immigration laws of the United States. 8 C.F.R. § 1245.1(c)(9)(v).

To support his motion for a continuance, Enyioko submitted only a petition, filed by his wife, for an immediate-relative visa; his application for adjustment of status; and his own testimony that he was living with his wife. As the BIA noted, this evidence demonstrates that Enyioko was married

but not that his marriage was bona fide.  Enyioko did not present any of the evidence listed in § 1245.1(c)(9)(v) to support his argument.  Enyioko did not provide clear and convincing evidence that his marriage was bona fide, and therefore he did not show good cause for a continuance.  Accordingly, the IJ did not abuse its discretion in failing to grant the continuance.  For that reason, Enyioko's petition for review is DENIED.