United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60447
Summary Calendar

MOHAMMAD ALI RAZA

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 554 614
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:*

Mohammad Ali Raza, a native and citizen of Pakistan, petitions for review of an order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision to deny his application for cancellation of removal. Raza argues that the IJ's denial of his motion for a continuance based on his pending application for labor certification was inconsistent with 8 U.S.C. § 1255(i) because it was based on the Government's objection alone. He further contends that the BIA's determination that there was no good cause for a continuance

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because of the uncertainty of his receiving the labor certification or an employment-based immigrant visa was not supported by the record.

The IJ adopted the Government's argument that a continuance would have been speculative. Raza's timely application for labor certification did not constitute good cause for a continuance because the grant of the certification would have been only the first step in a long, discretionary process. See Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006). Accordingly, the denial of Raza's motion for a continuance was supported by the record and was not an abuse of discretion. See Patel v. INS, 803 F.2d 804, 806 (5th Cir. 1986).

Raza also argues for the first time in his petition for review that the IJ's denial of his motion for a continuance violated his due process rights because he was prevented from pursuing an adjustment of status under § 1255(i). Because Raza has not exhausted his administrative remedies concerning this issue by first raising it before the BIA, we lack jurisdiction to consider it. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

Raza's petition for review is DENIED.