# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2015

Lyle W. Cayce
Clerk

No. 14-60493
Summary Calendar

MARVIN JOSE RODRIGUEZ-BONILLA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 476 616

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marvin Jose Rodriguez-Bonilla, a native and citizen of Nicaragua, was ordered removed in absentia by an Immigration Judge (IJ).  He now petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the IJ's order denying Rodriguez-Bonilla's motion to reopen the proceedings and rescind his in absentia deportation order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60493

Rodriguez-Bonilla first contends that the BIA abused its discretion by declining to reopen the case and permit him to pursue his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), as well as by declining to reopen the case in order to rescind the in absentia deportation order based on exceptional circumstances. We review the denial of a motion to reopen for abuse of discretion, a highly deferential standard. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We lack jurisdiction to review the BIA's factual determinations that Rodriguez-Bonilla failed to timely file his asylum application and had failed to show changed circumstances. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007); *Zhu v. Gonzales*, 493 F.3d 588, 596 & n.31 (5th Cir. 2007). We further conclude that the BIA did not abuse its discretion when denying Rodriguez-Bonilla's motion to reopen so he could pursue his claims for withholding of removal and protection under the CAT, because Rodriguez-Bonilla did not demonstrate his prima facie eligibility to relief under these claims. *See Gomez-Palacios*, 560 F.3d at 358.

We also conclude that the BIA's decision not to reopen the case in order to rescind the in absentia deportation order based on Rodriguez-Bonilla's failure to appear due to a lack of transportation and his pending motion to change venue was not an abuse of discretion, because neither of these constituted exceptional circumstances. *Id.*; *see also Matter of Patel*, 19 I. & N. Dec. 260, 262 (BIA 1985), *aff'd*, 803 F.2d 804 (5th Cir. 1986). Nor does ineffective assistance of counsel constitute an exceptional circumstance, given that Rodriguez-Bonilla was correctly told by his counsel that he was required to appear at the hearing. Even if Rodriguez-Bonilla had received erroneous advice by counsel or counsel was ineffective for some other reason, he failed to

2

comply with the requirements for presenting such a claim to the BIA.  *See Matter of Lozada*, 19 I & N Dec. 637, 639 (BIA 1988).

Rodriguez-Bonilla also argues that the IJ's failure to reopen the case violated his due process right to a full and fair hearing under the Fifth Amendment and that the BIA compounded the error by not addressing his due process argument.  However, whether to grant a motion to reopen removal proceedings is purely discretionary, and "the denial of discretionary relief does not rise to the level of a constitutional violation even if the moving party had been eligible for it." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) (internal quotation marks, citation, and brackets omitted).  Rodriguez-Bonilla cites nothing to support his argument that the case should be remanded so that the IJ could ask the Department of Homeland Security to exercise its prosecutorial discretion.  Finally, Rodriguez-Bonilla has abandoned his claim that the IJ erred by failing to grant his motion to change venue and that the BIA compounded the error by failing to address it.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.