# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60912
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

CARLOS ELIU GARCIA-MEMBRENO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 996 943

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Carlos Eliu Garcia-Membreno, a native and citizen of Honduras, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) upholding the denial of his motion to reopen. The immigration judge (IJ) ordered Garcia-Membreno removed in absentia after he failed to appear at his removal hearing on May 6, 2003, and Garcia-Membreno's motion to reopen sought rescission of the removal order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60912

In this court, Garcia-Membreno argues that a deficiency in the certificate of service for the hearing notice establishes that he did not receive proper notice of the May 6, 2003 hearing. Citing Interim Operating Policies and Procedures Memorandum No. 97-2: Notices of Immigration Judge Hearings (OPPM 97-2), he asserts that the certificate of service for the hearing notice was incomplete because it did not indicate how service was made, as neither of the two choices, "mail" or "personal service," was marked by court personnel.

We review the order of the BIA and will consider the IJ's underlying decision only if it influenced the determination of the BIA. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Questions of law are reviewed de novo, but we accord "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Id.* The BIA's factual findings are reviewed for substantial evidence. *Id.* Under the substantial-evidence standard, we "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.*

Written notice of a change in the time or place of a removal proceeding should be personally served "or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record." 8 U.S.C. § 1229(a)(2). The notice requirement "is satisfied if proper notice is provided at the most recent mailing address provided by the alien." *Gomez-Palacios*, 560 F.3d at 358. Service of notice by mail creates a rebuttable presumption that the notice was delivered and actually received by the person to whom it was addressed. *Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016).

An order of removal entered in absentia may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice" in accordance with § 1229(a)(2). 8 U.S.C. § 1229a(b)(5)(C)(ii).

No. 15-60912

We review the denial of Garcia-Membreno's motion to reopen under a highly deferential abuse-of-discretion standard and will "affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *See Gomez-Palacios*, 560 F.3d at 358.

Garcia-Membreno has not demonstrated that the BIA abused its discretion on this issue. First, substantial evidence supports the BIA's finding that Garcia-Membreno actually received the written notice of the May 6, 2003 hearing. The certificate of service on the notice was signed by the court clerk and indicated that the notice was served on Garcia-Membreno on February 27, 2003. Absent from Garcia-Membreno's affidavit supporting his motion to reopen was any statement indicating that he did not in fact receive the notice, and Garcia-Membreno does not make any such assertion here.

To obtain rescission of his in absentia removal order, Garcia-Membreno had the burden of demonstrating that he did not "receive" notice of the May 6, 2003 hearing in accordance with § 1229(a)(2). *See* § 1229a(b)(5)(C)(ii). "[T]he word 'receive' clearly shows that the focus of the rescission inquiry . . . is on the actual receipt of the required notice and not whether the notice was properly mailed." *Gomez-Palacios*, 560 F.3d at 360.

Asserting that there is no evidence that the hearing notice was actually sent by mail, Garcia-Membreno contends that the rebuttable presumption of effective service by mail does not apply in his case. However, given that he did not dispute actually receiving the notice, substantial evidence supports the BIA's finding that service of the notice was effectuated either by regular mail or personal service as required by § 1229(a)(2) and that, if done by mail, the presumption of effective service for regular mail applied and was not overcome. Accordingly, the BIA did not abuse its discretion in upholding the denial of

No. 15-60912

Garcia-Membreno's motion to reopen with respect to the lack of proper notice. *See Gomez-Palacios*, 560 F.3d at 361.

Garcia-Membreno's reliance on OPPM 97-2 does not change the result. "[N]ot all agency publications are of binding force." *Lyng v. Payne*, 476 U.S. 926, 937 (1986). "Generally, to be legally binding on an agency, its own publications must have been promulgated pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress." *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 229 (5th Cir. 2006) (internal quotation marks omitted and citations omitted). Garcia-Membreno presents no argument that OPPM 97-2 qualifies as a legally binding publication, and he has thus waived any such argument. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

In addition, Garcia-Membreno argues that his due process rights were violated because the IJ did not consider the motion for change of venue that he filed prior to the May 6, 2003 hearing. Asserting that the motion requested a venue change so he could be represented by counsel of his choice, Garcia-Membreno further contends that he was denied the right to counsel.

The mere filing of a motion for a change of venue did not relieve Garcia-Membreno of the responsibility to appear at the May 6, 2003 hearing. *See Patel v. INS*, 803 F.2d 804, 806 (5th Cir. 1986). In any event, Garcia-Membreno cannot establish a due process violation because there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought. *See Gomez-Palacios*, 560 F.3d at 361 n.2; *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550-51 (5th Cir. 2006).

The petition for review is DENIED.

4