**Uwem Eyo EQUAN, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 87–4290

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 10, 1988.

Uwem Eyo Equan, pro se.

Robert L. Bombough, Director, Off. Immigration Lit. Civil Div., U.S. Dept. of Justice, Madelyn E. Johnson, Allan W. Hausman, Charles E. Pazar, Washington, D.C., B.Z. Caplinger, New Orleans, La., Alfred Giugni, Dist. Dir. I.N.S., El Paso, Tex., for I.N.S.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

Uwem Eyo Equan appeals a ruling of the Board of Immigration Appeals affirming an order deporting him for violations of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*

Finding that the ruling was supported by substantial evidence and that Equan's Constitutional rights were not violated during his pretrial detention or at his deportation hearing, we affirm.

I

Uwem Eyo Equan, a citizen of Nigeria, entered the United States through New York on April 1, 1984. An entry card issued upon his arrival showed that he was a student holding a nonimmigrant one-month visa which expired May 1, 1984. Rather than returning to Nigeria in May, Equan moved to Fayetteville, North Carolina where he enrolled in a work/study course at the Fayetteville Technical Institute. Equan obtained employment at a Kentucky Fried Chicken restaurant in Fayetteville and remained employed from May 1985 through August 14, 1986.

On August 14, 1986 the INS served Equan with an order to show cause why he should not be deported, a warrant of arrest and a statement of additional charges enumerating three grounds subjecting Equan to deportation. Equan was charged with remaining in the United States longer than authorized, in violation of 8 U.S.C. § 1251(a)(2) (1970), failing to maintain nonimmigrant status in violation of 8 U.S.C. § 1251(a)(9) (1970), and being employed in the United States without the authorization of the INS, in violation of 8 U.S.C. § 1251(a)(9) (1970). Equan was taken into custody and held at the Federal Detention Center in Oakdale, Louisiana.

Equan appeared before an immigration judge on September 5, 1986. At the hearing, he testified that he believed that he was authorized to remain in the United States for four years because the date stamped on his visa was 1988 and because his college program lasted four years. He reasoned that because he was admitted as a student, he must have permission to stay for the length of his college program. He stated that he did not think that his employment violated immigration laws because he had obtained the job through his school.

He testified that he had married a woman named Angeline Elliot who had submitted an immediate relative visa petition on his behalf in August 1986. When questioned about an affidavit Elliot executed

which stated that she and Equan had never lived together and that her parents did not know about the marriage, Equan testified that an immigration officer had threatened her to get her to make such a statement. Equan produced an unsworn letter from Elliot saying that she had lied to the immigration officer who took her affidavit.

In an oral opinion rendered after the hearing, the Immigration Judge found that Equan was deportable because he had overstayed the one-month period authorized by his visa, and had gotten a job without INS permission. The judge denied Equan's petition for voluntary departure, finding that he and Elliot had attempted to mislead the court regarding his marital status. The judge ordered Equan deported. Equan, proceeding *pro se*, filed a timely appeal to the Board of Immigration Appeals. The Board affirmed the findings of the Immigration Judge. Equan appeals. We affirm.

## II

An alien contesting an order of deportation must first appeal to the Board of Immigration Appeals. This court has jurisdiction to review determinations of the Board of Immigration Appeals under 8 U.S.C. § 1105a(a) (1970).

In order to sustain its burden of proving that a legally admitted noncitizen is subject to deportation because of an overstay, the INS need only show that the alien was admitted as a nonimmigrant for a temporary period, that the period has elapsed and that the alien has not departed. *Hwei–Jen Chou v. I.N.S.*, 774 F.2d 1318, 1319 (5th Cir.1985).

■ The INS has established these factors. The INS introduced an I–94 form issued to Equan upon his arrival, showing that he was admitted under an F–1 visa with permission to remain until May 1, 1984. The INS also introduced Equan's Nigerian passport which was reportedly stolen but was recovered with only the pages showing the type of visa issued missing. It is undisputed that Equan's authorized period of visitation through May 1, 1984 has elapsed and that Equan has not

departed. Equan argues that his visa was actually good through 1988 because the date 1988 was stamped on it. However, Equan has confused the visa's validity date with its expiration date. His visa permitted entry into the United States at any time through 1988, but once he entered, it authorized only a one-month stay.

Having concluded that the deportation order was supported by substantial evidence, we turn to Equan's Constitutional arguments. First, Equan argues that his due process rights were violated when the Immigration Judge failed to reactivate a recording device which he had turned off in the middle of the hearing while counsel for the INS reviewed a document. A significant portion of Equan's cross-examination by government counsel was omitted from the record. The judge asked both parties how he could best reconstruct the record. Counsel for Equan responded that he did not recommend that his client respond to "all those questions" again (referring to the cross-examination by government counsel). Equan's attorney suggested that counsel for the INS should summarize Equan's testimony for the record and that he would object to any portion that was inaccurate. The judge and government counsel agreed and the INS attorney proceeded to summarize Equan's cross-examination for the record. Equan's attorney listened to the summary but did not object to any portion of it and made certain additions of his own.

■ Equan argues that the Immigration Judge and the government attorney engaged in a conspiracy to turn off the recording device because they lacked evidence to deport him and that the summary therefore violated his constitutional rights. We find no merit in this argument. To sustain a due process challenge to a civil administrative deportation hearing, an alien must show substantial prejudice. *Ka Fung Chan v. I.N.S.*, 634 F.2d 248, 258 (5th Cir.1981). Equan has offered no evidence that the so created record is inaccurate, nor has he demonstrated any prejudice resulting from creating this summary of his tes-

timony. Equan's attorney suggested the method for reconstructing the record, listened to opposing counsel's summary, was given several opportunities to object but waived any objection, and assisted opposing counsel in preparing several portions of the summary. Equan cannot now object to the summary when he knowingly waived any objection at the hearing. Furthermore, creating a summary of testimony rather than recording a hearing does not in itself implicate the due process clause. This technique embodied the time-honored method of creating a bill of exceptions to prepare an appeal record. Such a bill of exceptions does not violate a defendant's due process rights.

 Next, Equan argues that the Immigration Judge's oral opinion violated his due process rights because it was a short cut of the usual judicial process. There is no merit to this argument. An Immigration Judge may render opinions in deportation proceedings either orally or in writing. 8 C.F.R. § 242.18(a) (1987). All that is required is that the decision include a discussion of the evidence and an enumeration of findings regarding deportability. *Id.* The judge's findings meet these requirements.

Equan argues that his detention in the Federal Detention Center in Oakdale, Louisiana, pending his hearing constituted cruel and unusual punishment in violation of the Eighth Amendment. An alien subject to detention may raise the Eighth Amendment prohibition against cruel and unusual punishment only if he is in custody after being convicted of a crime. *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987); *Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987). Because Equan's imprisonment did not result from the conviction for a crime, the Eighth Amendment is inapplicable.

Equan raises an equal protection argument that the deportation procedures apply to one class of aliens yet not to others. Equan's argument is groundless. He has presented no evidence suggesting that the deportation provisions of 8 U.S.C. § 1251(a)

(1970) have been applied differently to him than to any other similarly situated alien.

Equan argues that the Immigration Judge abused his discretion by denying him the privilege of voluntary departure. The privilege of voluntary departure is extended to deportable aliens who have shown good moral character for five years prior to their deportation. 8 U.S.C. § 1254(e) (1970). The grant of voluntary departure is within the discretion of the Immigration Judge. 8 U.S.C. § 1254(e) (1970). The Judge's decision will not be overturned except upon a showing that the action was arbitrary, capricious or an abuse of discretion. *Campos–Guardado v. I.N.S.*, 809 F.2d 285, 289 (5th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987). We conclude that the Judge was well within his discretion to deny voluntary departure to Equan in light of the evidence that Equan attempted to mislead the court regarding his marital status.

For the foregoing reasons, the order of the Board of Immigration Appeals is

AFFIRMED.