# In re Jose Antonio RODRIGUEZ-CARRILLO, Respondent

## File A30 247 851 - Oakdale

*Decided October 12, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A remand of the record for issuance of a full and separate decision apprising the parties of the legal basis of the Immigration Judge's decision is not required under *Matter of A-P-,* 22 I&N Dec. 3375 (BIA 1999), where the respondent had notice of the factual and legal basis of the decision and had an adequate opportunity to contest them on appeal, the uncontested facts established at the hearing are dispositive of the issues raised on appeal, and the hearing was fundamentally fair.

Pro se

Lorraine L. Griffin, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: DUNNE, Vice Chairman; SCIALABBA, Vice Chairman; VACCA, HOLMES, HURWITZ, VILLAGELIU, FILPPU, MATHON, GUEN-DELSBERGER, GRANT, MOSCATO, and MILLER, Board Members. Dissenting Opinion: COLE, Board Member, joined by SCHMIDT, Chairman; HEILMAN, ROSENBERG, and JONES, Board Members.

GRANT, Board Member:

In an order dated November 18, 1998, an Immigration Judge found the respondent removable as charged and ordered him removed from the United States to Peru. The respondent has appealed. The appeal will be dismissed.

The pertinent history of the case is as follows. The respondent was admitted to the United States on or about December 7, 1975, as a lawful permanent resident. He was convicted on or about April 24, 1995, in a New York criminal court, of criminal possession of stolen property in the third degree and was sentenced to a term of imprisonment of 1 to 3 years. On August 18, 1998, the Immigration and Naturalization Service issued a Notice to Appear (Form I-862) charging that the respondent was subject to removal under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. II 1996), as an alien convicted of

an aggravated felony as defined in section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (Supp. II 1996) (a theft offense, including receipt of stolen property, or burglary offense for which the term of imprisonment is at least 1 year). The Notice to Appear was filed with the Immigration Court on September 10, 1998.

The respondent admitted the allegations set forth in the Notice to Appear. In addition to admitting his conviction and term of imprisonment as noted above, the respondent conceded that he is not a native or citizen of the United States, but is a native and citizen of Peru. The Service did not offer any documentary evidence on the issue of removability, but rested on the respondent's pleadings. The Immigration Judge did not ask the respondent whether he admitted or denied his removability under the aggravated felony charge, as is required by 8 C.F.R. § 240.10(c) (1998). Instead, the Immigration Judge determined from the pleadings that the respondent was subject to removal and was ineligible for any relief from removal. According to the transcript of the hearing, the Immigration Judge explained to the respondent that his conviction for criminal possession of stolen property, and sentence of 1 year or longer, was an aggravated felony that rendered him subject to removal and ineligible for any relief. However, the Immigration Judge entered a summary decision that gave no reasons for his conclusions.

On appeal, the respondent contends that he was not advised by the criminal court judge of the immigration consequences of a guilty plea. The respondent asserts that he is eligible for relief from removal under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), and maintains that it is unconstitutional to find that he is not eligible for relief from removal under that section. The respondent does not, however, challenge the form of the order issued by the Immigration Judge. Moreover, he does not argue that he was unable to understand the basis of the decision below.

## I. THE IMMIGRATION JUDGE'S DECISION

The Immigration Judge did not render a full and separate decision, either orally or in writing, apprising the parties of the legal basis of his decision. The entry of a summary decision pursuant to 8 C.F.R. §§ 240.12(b) and 240.13(c) (1998) was inappropriate in the instant case because the respondent did not concede removability as charged. *See Matter of A-P-,* 22 I&N Dec. 3375 (BIA 1999).

As we stated in *Matter of A-P-, supra*, the separate oral or written decision of the Immigration Judge stating the reasons for his or her conclusions is the means by which an alien is notified of the basis of the Immigration Judge's order. Furthermore, should an appeal be taken from that order, the Immigration Judge's decision is the means by which the Board is apprised

of the legal basis of the order. *Id.* Thus, the regulations set forth at 8 C.F.R. §§ 240.12 and 240.13 serve to ensure that the hearing conducted by the Immigration Judge is fundamentally fair. Moreover, a decision that lacks reference to the controlling law might not provide an adequate opportunity to the alien, who in many cases is unrepresented, to contest the Immigration Judge's determinations on appeal. As a result, we may be left without adequate means of performing our primary appellate function of reviewing the basis of the Immigration Judge's decision in light of the arguments advanced on appeal. *Id.*

However, a review of the record created by the Immigration Judge in the instant case establishes that the hearing was fundamentally fair, that the respondent had notice of the factual and legal basis of the Immigration Judge's decision, and that the respondent had an adequate opportunity to contest the Immigration Judge's determinations on appeal. The respondent does not assert otherwise. Moreover, the uncontested facts established at the hearing are dispositive of the issues raised by the respondent on appeal, and we are able to perform our appellate function in this matter.

It is evident from the record that at the conclusion of the hearing conducted on November 18, 1998, the respondent was aware that he had been ordered removed from the United States based on a criminal conviction that also foreclosed relief from removal under the applicable provisions of the Act. In fact, the respondent has never indicated any confusion regarding the reasons for the Immigration Judge's entry of an order of removal in his case. Rather, the arguments pressed by the respondent on appeal are that he was not advised of the immigration consequences of a guilty plea and that he is eligible for relief from removal under section 212(c) of the Act.

Under these circumstances, we do not believe that a remand for entry of a separate decision in light of our holding in *Matter of A-P-, supra*, either is mandated by the decision in that case or would add to the record any substantive information that is not readily apparent from the materials presented on appeal. In this regard, we note that the respondent's brief on appeal does not contest that he was convicted of criminal possession of stolen property and sentenced to a term of imprisonment of 1 to 3 years, facts also admitted on the record below.

The situation in *Matter of A-P-* was different from that presented here. In that case, the Immigration Judge pretermitted the respondent's application for relief from removal under section 241(b)(3) of the Act, 8 U.S.C § 1231(b)(3) (Supp. II 1996), finding that the respondent was ineligible as a result of having been convicted of a particularly serious crime. As we noted, however, because the alien's conviction and sentence did not mandate such a finding under section 241(b)(3)(B) of the Act, further fact-finding and analysis, beyond that revealed on the pleadings, was necessary. "The regulations do not confer authority to the Immigration Judges to issue a summary decision when further fact-finding or analysis is necessary to resolve

an issue that remains after the respondent has admitted to the factual allegations and charges of removability." *Matter of A-P-, supra*, at 8 (citing 8 C.F.R. §§ 240.10(c) and 240.12(b)).

Here, although the respondent did not concede removability, there was, as discussed below, no factual or legal issue remaining once the respondent admitted the factual allegations regarding his conviction. Although the order of the Immigration Judge did not comply with the regulations that we interpreted and applied in *Matter of A-P-,* the lack of compliance in these circumstances does not warrant the remedy of a remand that was clearly required by the circumstances in *Matter of A-P-.* The respondent does not seek this remedy, and imposing it would further delay the adjudication of his appeal without serving any useful purpose. Our judgment in this regard is further influenced by the fact that the Immigration Judge's decision in this matter preceded our clarification in *Matter of A-P-* of the appropriate standards under which an Immigration Judge may enter a summary decision. Thus, our decision in this case should not be considered to diminish the precedential value of *Matter of A-P-* or to establish a broad exception to the regulatory requirements regarding the issuance of summary decisions.

## II. ANALYSIS OF THE RESPONDENT'S ARGUMENTS ON APPEAL

We turn now to the merits of the respondent's appeal. The dispositive facts in this matter are uncontested. The respondent is not a citizen or national of the United States. Furthermore, he was convicted of criminal possession of stolen property and was sentenced to a term of imprisonment of 1 to 3 years. No further evidence need be received as to these facts that were admitted during the pleading. *See* 8 C.F.R. § 240.10(d).

A conviction for the offense of criminal possession of stolen property with a sentence of at least a year is a conviction for an aggravated felony under section 101(a)(43)(G) of the Act. Therefore, the respondent is removable from the United States pursuant to section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony at any time after admission.

The respondent argues on appeal that he was not advised of the immigration consequences of his guilty plea. Notwithstanding, it is clear that an Immigration Judge and the Board cannot entertain a collateral attack on a judgment of conviction, unless that judgment is void on its face, and cannot go behind the judicial record to determine the guilt or innocence of an alien. *See Matter of Madrigal*, 21 I&N Dec. 323 (BIA 1996). Further, the fact that a defendant is not advised of the collateral immigration consequences of his plea does not amount to a denial of due process that would vitiate the plea. *United States v. Osiemi*, 980 F.2d 344, 349 (5th Cir. 1993).

In addition, the respondent's assertion that he should have been deemed eligible for section 212(c) relief is misplaced. In this regard, we note that legislation is not invalid due to retroactivity if it does not impair vested rights or violate an express constitutional prohibition. It is well established that Congress has the power to order the deportation of aliens whose presence in the United States is deemed hurtful. *Bugajewitz v. Adams*, 228 U.S. 585, 592 (1913). An alien residing in this country has no vested right to remain. Rather, he is subject to the power of Congress to enact legislation that might prohibit or limit his stay in this country. *See Marcello v. Bonds*, 349 U.S. 302, 314 (1955).

The provision of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), that is cited by the respondent on appeal is irrelevant to the disposition of this matter. The respondent is in removal proceedings, which were created and are governed by the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). The presumption against retroactive application of a statute that was enunciated in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), is inapplicable where Congress has expressly provided that a statute is retroactive. Sections 304(b) and 309(a) of the IIRIRA, 110 Stat. at 3009-597 and 3009-625, expressly eliminated section 212(c) of the Act in all cases commencing on or after April 1, 1997. Moreover, section 309(a) of the IIRIRA expressly provides that the amendments to the Act effected by Title III-A of the IIRIRA shall be effective in all proceedings commencing after April 1, 1997. As previously noted, the Notice to Appear was issued on August 18, 1998, in this case. Therefore, the arguments tendered by the respondent on appeal regarding the retroactivity of statutes are inapplicable in the context of the instant removal proceedings.

The respondent also argues that it would be unconstitutional to find that he is not eligible for relief from removal under section 212(c) of the Act. However, neither the Immigration Judge nor this Board may rule on the constitutionality of the statutes that we administer. *See, e.g., Matter of C-*, 20 I&N Dec. 529, 532 (BIA 1992).

### III. CONCLUSION

Inasmuch as the record in the instant case establishes that the Immigration Judge's explanations of the hearing provided the respondent actual notice of the factual and legal basis of the order of removal, and as the respondent has never indicated that he cannot adequately pursue his appeal from the order of removal due to the Immigration Judge's failure to issue a full and separate decision in this matter, we find that a remand for issuance of another decision is unnecessary to preserve the respondent's

due process rights. Moreover, the uncontested facts established at the hearing are dispositive of the respondent's removability, and the arguments on appeal can be adequately addressed based on the record of the hearing created by the Immigration Judge. In this regard, we find that our ability to adequately carry out our primary appellate function has not been hindered by the Immigration Judge's failure to issue a full and separate decision in this matter. Finally, as previously noted, neither the Immigration Judge nor this Board may address questions regarding the constitutionality of the Act.

Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

*DISSENTING OPINION:* Patricia A. Cole, Board Member, in which Paul W. Schmidt, Chairman; Michael J. Heilman, Lory Diana Rosenberg, and Philemina M. Jones, Board Members, joined

I respectfully dissent. The instant case should be remanded with instructions to the Immigration Judge to issue a written decision or render an oral decision in compliance with the regulations at 8 C.F.R. §§ 240.12(a) and 240.13 (1998). I disagree with the majority that the issuance of a full and separate decision setting forth the reasons for the Immigration Judge's order is unnecessary to preserve the respondent's due process rights.

The form "Order of the Immigration Judge" dated November 18, 1998, indicates that it is a summary decision pursuant to 8 C.F.R. § 240.12(b). As the majority acknowledges, the entry of a summary decision is inappropriate in the instant case because the respondent did not concede removability as charged. Nevertheless, despite the lack of a reasoned decision in this case, in violation of the regulations, the majority finds that a remand is not necessary to ensure the fundamental fairness of the respondent's hearing. I disagree.

The majority finds that the Immigration Judge erred by failing to comply with the requirements of the regulations at 8 C.F.R. §§ 240.12 and 240.13, but that the respondent has neither alleged nor established that the Immigration Judge's error prejudiced his ability to pursue his appeal. Although no prejudice to the respondent is evident on the record created by the Immigration Judge, we will never know whether the Immigration Judge's failure to render a full and separate decision, setting forth his determination as to removability and his reasons for finding the respondent ineligible for any relief, operated to foreclose the respondent from raising additional legal arguments on appeal.

One issue that could have been raised is whether the respondent's conviction for criminal possession of stolen property in the third degree constitutes a conviction for an aggravated felony as defined in section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (Supp. II 1996) (a theft offense, including receipt of stolen

property). The respondent cannot raise an issue if there is no Immigration Judge decision stating the basis for finding the respondent's conviction to be an aggravated felony.

Furthermore, in the absence of a reasoned decision by the Immigration Judge, the majority has now written the initial legal decision in this matter setting forth the rationale for removability. The majority is not reviewing the Immigration Judge's decision for legal sufficiency or error but, rather, is providing an immigration decision in the first instance. Thus, the majority has usurped the role delegated by the Attorney General to the Immigration Judge.

Moreover, the failure by the respondent to raise the absence of a decision that is in compliance with the regulation at 8 C.F.R. § 240.12(a) as an issue on appeal is not dispositive regarding whether the respondent has been prejudiced by the Immigration Judge's error. In fact, in cases determining whether an alien's hearing was fundamentally fair and not in violation of his due process rights, the United States Court of Appeals for the Fifth Circuit, the jurisdiction in which this case arises, has stated that an Immigration Judge's decision must include a discussion of the evidence and an enumeration of findings regarding deportability. *See Animashaun v. INS,* 990 F.2d 234, 238-39 (5th Cir.), *cert. denied*, 510 U.S. 995 (1993); *Equan v. INS*, 844 F.2d 276, 279 (5th Cir. 1988). In the instant case, the Immigration Judge has violated a regulation that was promulgated to protect a fundamental right derived from the Constitution, the right to notice of the reasons for the decision. Failure to comply with a regulation affecting fundamental rights raises significant due process concerns. *See generally Waldron v. INS*, 17 F.3d 511, 518 (2d Cir.), *cert. denied*, 513 U.S. 1014 (1994); *Montilla v. INS*, 926 F.2d 162, 167 (2d Cir. 1991) (citing *Morton v. Ruiz*, 415 U.S. 199 (1974)).

As this Board indicated in *Matter of A-P-,* 22 I&N Dec. 3375 (BIA 1999), a decision that lacks reference to the controlling law hinders an alien's opportunity to contest the Immigration Judge's determinations on appeal. Indeed, it is not entirely clear that the respondent was fully aware of the reasons for the Immigration Judge's entry of a removal order. As the majority notes, the respondent tendered arguments on appeal that are irrelevant to the legal basis for the decision in this case. Therefore, I would find that the Immigration Judge's failure to render a proper decision in this matter has resulted in the denial of a meaningful opportunity to litigate the issues on appeal and constitutes prejudice that requires that the proceedings be remanded.

As a final matter, I find it to be of little import in determining that this case should be remanded to the Immigration Judge for entry of a proper decision that the Immigration Judge's November 18, 1998, removal order preceded our decision in *Matter of A-P-, supra*. The regulations at 8 C.F.R. §§ 240.12 and 240.13 were controlling at the time of the Immigration

Judge's order, and the concept of entering a reasoned decision at the conclusion of an immigration hearing is not a novel one.