**Yevgeny KANZBURG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Yevgeny Kanzburg, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

No. 02–73296, 03–72967.
Agency No. A70–335–215.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided June 28, 2004.

States v. Jordan, 256 F.3d 922, 927 (9th Cir. 2001).

Victor D. Nieblas, Law Office of Victor D. Nieblas, John Martin Gallagher, Gallagher Sandoval, PC, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert M. Loeb, Scott R. McIntosh, U.S. Department of Justice, Washington, DC, for Respondent.

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM *

Yevgeny Kanzburg petitions for review of the Board of Immigration Appeals'

* This disposition is not appropriate for publication and may not be cited to or by the courts

("BIA's") adoption of the Immigration Judge's ("IJ's") denial of his applications for asylum and withholding of removal. He also petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We lack jurisdiction to review Kanzburg's petitions and therefore dismiss.[1] Because the facts are familiar to the parties, we do not recite them here except as necessary.

Section 242(a)(2)(C) of the Immigration and Nationality Act ("INA") bars review of a removal order based on the petitioner's commission of an aggravated felony.[2] Under the INA, an aggravated felony includes "a theft offense ... for which the term of imprisonment [is] at least one year."[3] The State of California convicted Kanzburg of one count of grand theft vehicle, which is clearly a theft offense,[4] and for which Kanzburg received a term of two years of imprisonment.

The IJ specifically determined at a hearing prior to the issuance of his oral decision that Kanzburg's conviction for grand theft vehicle rendered him removable and ineligible for asylum.[5] Further, Kanzburg admitted the conviction during his removal proceedings and does not now contest the fact that he was convicted of grand theft vehicle. Although the IJ did not specifically mention the grand theft vehicle conviction in his oral decision, he did hold that Kanzburg was removable on the basis of his conviction for an aggravated felony.[6] Nothing in the IJ's decision negated his earlier determination regarding Kanzburg's grand theft vehicle conviction, and the proceedings as a whole notified Kanzburg that the conviction prompted his removal.[7]

Because Kanzburg's removal order was based on his conviction for an aggravated felony, we lack jurisdiction to review that order.[8] Consequently, we also lack jurisdiction to review Kanzburg's motion to reopen his proceedings.[9]

DISMISSED.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. However, we have jurisdiction to determine our jurisdiction. *See Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 879 (9th Cir.2003).

2. 8 U.S.C. § 1252(a)(2)(C).

3. 8 U.S.C. § 1101(a)(43)(G).

4. *See United States v. Corona–Sanchez*, 291 F.3d 1201, 1205 (9th Cir.2002) (holding that a theft offense under the INA is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent"); Cal.Penal Code § 487h(a) (repealed 1997).

5. The IJ made the determination during a preliminary hearing in September 1998. Because the IJ determined at that hearing that Kanzburg was ineligible for asylum due to the grand theft vehicle conviction, Kanzburg's final hearing in January 1999, during which the IJ rendered his oral decision, only touched on the merits of Kanzburg's withholding of removal claim. Therefore, the IJ's determination in September 1998 changed the course of the proceedings and cannot be disregarded.

6. The IJ specifically referred in his oral decision to Kanzburg's conviction for making a false financial statement.

7. *See In re Rodriguez–Carrillo*, 22 I & N Dec. 1031 (1999).

8. 8 U.S.C. § 1252(a)(2)(C).

9. *See Sarmadi v. INS*, 121 F.3d 1319, 1321 (9th Cir.1997) (holding that this court's jurisdiction over a motion to reopen is implicit in

its jurisdiction over final orders of removal and that "[b]ecause jurisdiction over these related orders are thus intertwined ... withdrawal of judicial review over final orders of deportation also withdraws jurisdiction from motions to reconsider or reopen deportation proceedings").

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.