United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60007
Summary Calendar

BENJAMIN LOPEZ,

Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79-711-948
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Benjamin Lopez seeks review of a Board of Immigration Appeals' (BIA) order dismissing his appeal from an Immigration Judge's (IJ) removal order. Lopez challenges the removal order on procedural and due process grounds, contending that (1) the IJ improperly granted a summary decision because Lopez did not expressly admit removability under the charges in the Notice to Appear, (2) he was denied due process because the order of removal does not specify the grounds for removal, and (3) he was denied due process because his counsel did not receive a copy of the Notice to Appear. For the following reasons, the petition is DENIED.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez, a native and citizen of the Philippines, was served with a Notice to Appear charging him removable from the United States on three counts: (1) under INA § 237(a)(1)(B) for remaining in the United States for longer than permitted;[1] (2) under INA § 237(a)(1)(C)(i) for failing to maintain or comply with the conditions of the non-immigrant status under which he was admitted;[2] and (3) under INA § 237(a)(2)(A)(i) as an alien convicted of a crime involving moral turpitude within five years of admission for which a sentence of one year or more could be imposed.[3] In addition to the three charges, there were seven factual allegations contained in the Notice to Appear:

1. You are not a citizen or national of the United States;

2. You are a native of PHILIPPINES and a citizen of PHILIPPINES;

3. You were admitted to the United States at Los Angeles, CA on or about January 25, 2000 as a nonimmigrant B2 Visitor with authorization to remain in the United States for a temporary period not to exceed July 24, 2000;

4. You remained in the United States beyond July 24, 2000 without authorization from the Immigration and Naturalization Service.

5. You were employed for wages or other compensation on January 2, 2002 at EADS Aeroframe Services . . . Lake Charles, LA, without authorization of the Immigration and Naturalization Service.

6. You were, on January 30, 2003, convicted in the United States District Court [at] Lafayette, Louisiana for the offense of False Statements, committed on or about January 2, 2002 in violation of 18 USC 1001;

7. For that offense, a sentence of one year or longer may be imposed.

---

[1] 8 U.S.C. § 1227(a)(1)(B).

[2] *Id.* § 1227(a)(1)(C)(i).

[3] *Id.* § 1227(a)(2)(A)(i).

The Government also filed a motion to pretermit any application for an INA § 212(h) waiver and adjustment of status, contending that Lopez's 18 U.S.C. § 1001 conviction rendered him inadmissable and ineligible for a waiver and adjustment of status.[4] Lopez opposed the motion, asserting that section 212 did not apply to him because he was not seeking admission and arguing, in the alternative, that his conviction did not render him inadmissible. Lopez, however, did not apply for any relief from removal, and the IJ determined that he did not appear eligible for any relief.[5]

On October 6, 2003, after Lopez had requested and obtained two continuances so that his counsel could obtain a copy of the Notice to Appear, Lopez appeared before the IJ. Lopez's counsel stated that he had reviewed the Notice to Appear in the government's file the day of the hearing and "at this point we're ready to proceed." Lopez waived reading of the notice and admitted factual allegations one through six, but denied the seventh allegation. The IJ did not ask Lopez whether he admitted removability under the charges as required by the regulations,[6] but Lopez did not deny being removable and did not object when the judge said:

> [H]e'll be sustained removable on the first two charges which is Section 237(a)(1)(B) is sustained. Section 237(a)(1)(C)(i) is sustained. And Section 237(a)(2)(A)(i) [the moral turpitude ground] is denied at this time. Then I will take the law, the brief. I'll review it and then make a decision on it.

---

[4]*See id.* § 1182 (delineating inadmissible aliens).

[5]8 C.F.R. § 1240.11(a)(2) (requiring the IJ to "inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing").

[6]*See id.* § 1240.10(c) ("The [IJ] shall require the respondent to plead to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained therein.").

On October 28, 2003, the IJ issued a written order denying the government's motion to pretermit because Lopez denied the seventh allegation in the Notice to Appear and there remained a fact question about whether Lopez's conviction rendered him inadmissible under section 212 and removable under the third charge in the Notice to Appear. In that October 28 order, the IJ reiterated that Lopez had been sustained removable under sections 237(a)(1)(B) and 237(a)(1)(C)(i) (the first and second charges), but not under section 237(a)(2)(A)(i) (the third charge).

At a brief hearing on December 15, 2003, Lopez's counsel asked the IJ to administratively close the proceedings so that Lopez could file an application for adjustment of status under section 245(i) and alternatively requested a date to file a 245(i) application.[7] But Lopez did not file an adjustment of status application or provide evidence that he was eligible to adjust his status based on his priority date.[8] The government refused to join the request for administrative closure, and the IJ issued a removal order at the conclusion of the hearing. The order stated that Lopez "is subject to removal on the charge(s) in the [Notice to Appear]," but does not specify which charges were sustained. The order also notes that Lopez made no application for relief from removal. Lopez at no time contested removability on the sustained grounds, nor did he complain about the form of the IJ's decision.

---

[7] 8 U.S.C. § 1255(i) (detailing requirements for obtaining an adjustment of status).

[8] *See id.*; 8 C.F.R. § 245.1(a) (with some exceptions not pertinent here, "[a]ny alien who is physically present in the United States . . . may apply for adjustment of status to that of a lawful permanent resident of the United States if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application."); 8 C.F.R. § 245.2(a)(2) (an application for adjustment of status under INA § 245 is not "properly filed" unless an immigrant visa is "immediately available" based on the alien's priority status).

The BIA dismissed Lopez's appeal, concluding that the IJ was not required to render a separate oral or written decision in this case because (1) Lopez admitted the allegations supporting his removability on two removal grounds; (2) he did not challenge his removability on those grounds on appeal; (3) the government withdrew the third removal ground on appeal, and (4) Lopez remained ineligible for any relief. The BIA's legal conclusions and Lopez's due process claims are reviewed *de novo*.[9]

The regulations authorize an IJ to issue a summary decision in lieu of a written or oral decision "in any case where inadmissibility or deportability is determined on the pleadings pursuant to [§ 1240.10(c)] and the respondent does not make an application under § 1240.11 [including cancellation of removal and adjustment of status], the alien is statutorily ineligible for relief, or the respondent applies for voluntary departure only and the immigration judge grants the application."[10] Section 1240.10(c) allows an IJ to determine inadmissability or removability on the pleadings "[i]f the respondent admits the factual allegations and admits his or her removability under the charges[,] . . . the [IJ] is satisfied that no issues of law or fact remain[,] . . .[and] removability as charged has been established by the respondent's admissions."[11] The regulations further provide that "no further evidence need be received as to any facts admitted during the pleading."[12]

---

[9]*Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997); *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).

[10]8 C.F.R. § 1240.12(b).

[11]*Id.* § 1240.10(c).

[12]*Id.* § 1240.10(d).

The BIA has held that a summary decision is inappropriate when the alien does not concede removability as charged, even if the alien has admitted the factual allegations in the Notice to Appear.[13] In that case, however, a fact issue remained as to whether the alien was eligible for withholding of removal and that fact issue was not resolved by the alien's admissions.[14] The case before this court is more akin to the BIA's decision in *Matter of Rodriguez-Carrillo*, in which the BIA apparently considered *sua sponte* the propriety of an IJ's summary decision.[15] In that case, the alien admitted all of the factual allegations in the Notice to Appear, and removability and ineligibility for relief were established based on the alien's admissions.[16] But the alien did not expressly concede that he was removable as charged,[17] and the IJ did not ask him whether he admitted or denied removability, as required by 8 C.F.R. § 1240.10(c).[18] The BIA concluded that remand was not required because (1) no factual or legal issues remained after the alien admitted the factual allegations in the Notice to Appear and (2) the alien had notice of the factual and legal bases for the IJ's decision along with an adequate opportunity to contest them on appeal.[19]

Lopez does not dispute that he is removable under the first two charges, sections 237(a)(1)(B) and 237(a)(1)(C)(i), and his admissions conclusively establish that he is. Moreover, Lopez made no

---

[13]*Matter of A-P-*, 22 I.&N. Dec. 468 (BIA 1999).

[14]*Id.* at 473-74.

[15]22 I.&N. Dec. 1031, 1033-34 (BIA 1999).

[16]*Id.* at 1032.

[17]*Id.*

[18]Section 1240.10(c) was previously numbered section 240.10(c).

[19]8 C.F.R. § 1240.10(d).

application for relief, he was not eligible for any, and he has conceded to this court that he remains ineligible to adjust his status because no visa number is immediately available.[20]  But Lopez says remand is required because he did not expressly admit removability on any of the charges and a fact issue remains about whether he is removable under the third charge, section 237(a)(2)(A)(i), because he did not admit the seventh allegation.  Although fact issues may remain about whether Lopez's conviction renders him inadmissible under section 212 or removable under section 237(a)(2)(A)(i), neither that ground nor the seventh allegation is necessary to sustain the removal order.  Moreover, the third removal charge was explicitly denied by the IJ, and has been withdrawn by the government on appeal.  And, although Lopez did not concede removability as required by the regulations, there are no factual or legal issues remaining regarding the sustained grounds for removal in light of Lopez's admissions.  Therefore, remand is not necessary.

Lopez next contends that the removal proceedings did not comply with procedural due process under the Fifth Amendment because the IJ's removal order does not specify the grounds for removal and the third charge of removal, if sustained, would have more severe collateral consequences than the first and second charges.  To sustain a due process challenge, Lopez must establish (1) error that renders the proceedings below fundamentally unfair and (2) substantial prejudice.[21]  The regulations do not specify the required contents of a summary decision.  Neither has this court.  But in the *Matter of A-P-*, the BIA outlined in dicta the requirements for summary

---

[20]"[I]t appears a Visa will be available in approximately the next 30 days.  At that time, Lopez can adjust his status per 245(i) of the Act."  Reply Brief of Petitioner at 9, *Lopez v. Gonzales*, No. 05-60007 (5th Cir. Jul. 5, 2005).

[21]*Animashaun v. INS*, 990 F.2d 234, 238 (5th Cir. 1993), *cert. denied*, 510 U.S. 995 (1993); *Equan v. INS*, 844 F.2d 276, 278 (5th Cir. 1988).

decisions, stating that a summary decision must at least link the admissions to the allegations and charges of removability, must state the forms of relief for which the alien may be eligible, note that the alien was properly advised of and provided an opportunity to apply for those forms of relief, and state either that the alien did not seek to apply for relief or only requested and was granted voluntary departure.[22] With regard to an IJ's oral or written decision in a removal proceeding, this court has said that such decision need only "include a discussion of the evidence and an enumeration of findings regarding deportability."[23]

We conclude that the IJ's summary decision satisfies due process as well as the requirements in *A-P-*; therefore, we need not decide whether either the regulations or due process requires an IJ's summary decision to include the contents outlined in *A-P-*. At the October 6 hearing and in the October 28 written order, the IJ made it clear that Lopez admitted only allegations one through six, that removal was sustained only on charges one and two, and that removal was denied as to the third charge. This is sufficient to advise Lopez of the factual and legal bases for removal and Lopez does not argue that he did not have an adequate opportunity to challenge removal on the two sustained grounds. Moreover, as the IJ stated, Lopez did not apply for relief, nor is he apparently eligible for any.

Finally, Lopez contends his due process rights were violated because his counsel was never provided his own copy of the Notice to Appear and was merely permitted to review the government's copy before the October 6, 2003 hearing. Here, Lopez's counsel requested and received two continuances in order to obtain a copy of the Notice to Appear and then represented to the IJ that

---

[22]*Matter of A-P-*, 22 I.&N. Dec. 468, 475-76 (BIA 1999).

[23]*Animashaun v. INS*, 990 F.2d at 238-39.

he had reviewed the copy of the notice and was ready to proceed at the October 6 hearing. Counsel never again raised the Notice to Appear issue to the IJ. Moreover, Lopez has not stated in his petition how he has been prejudiced, how his case would have proceeded differently if counsel had his own copy of the notice, or why his attorney could not have photocopied the notice when the government gave him access to its file. Therefore, Lopez has not met his burden to show substantial prejudice.

For these reasons, the petition for review is DENIED.