

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Blackman v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Blackman v. Atty Gen USA" (2008). *2008 Decisions.* Paper 363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3431
_____

NIGEL BLACKMAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the United States Department of Homeland Security
Agency No. A97 703 835

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2008
Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed: October 15, 2008)
_____

OPINION
_____

PER CURIAM

Nigel Blackman has filed a petition for review of a Final Administrative Removal

Order of the Department of Homeland Security ordering that he be removed to Trinidad.

For the following reasons, we will deny the petition for review.

In 1997, Blackman, a native and citizen of Trinidad, pleaded guilty to Attempted

Criminal Sale of a Controlled Substance in the Third Degree in New York, New York. A.R. 4. Blackman served five years of probation for the offense. On June 29, 2007, Immigration and Customs Enforcement ("ICE") served Blackman with a Notice of Intent to Issue a Final Administrative Removal Order. This Notice stated that Blackman was deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) as amended, because he had been convicted of an aggravated felony as defined in section 101(a)(43), 8 U.S.C. § 1101(a)(43)(B). The Notice identified the felony as a 1997 conviction in New York for the attempted criminal sale of a controlled substance. Blackman contends the ICE agent who served him did not explain what the document was and directed Blackman to sign the portion of the Notice of Intent that reads as follows:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to Trinidad.

Blackman contends that he is illiterate and did not understand what he was waiving when he signed the document.

On August 1, 2007, Blackman was served with a final administrative order of removal. He filed a timely petition for review. In his brief on appeal, as noted, Blackman argues that he was coerced into signing the Notice of Intent, and that he did not understand what it said. Blackman argues that his Due Process rights were thereby

2

violated.

Under the REAL ID Act (effective May 11, 2005), any alien seeking to challenge a final order of removal must do so by filing a petition for review in the court of appeals. See 8 U.S.C. § 1252(a)(5). Although the Act generally removes jurisdiction to review final orders of removal against certain criminal aliens, see § 1252(a)(2)(C), the Act specifically grants jurisdiction to review a criminal alien's "constitutional claims or questions of law." § 1252(a)(2)(D). The Government argues in its motion to dismiss that this Court lacks jurisdiction because "Blackman has raised no constitutional or legal claim that would except him from the jurisdictional bar." Motion to Dismiss at 3. However, Blackman's claim that his Due Process rights were violated is clearly a constitutional claim.

The Government further argues in its brief that this Court lacks jurisdiction to consider Blackman's Due Process claim because by waiving his right to rebut and contest the charges against him, he failed to exhaust his administrative remedies. But the essence of Blackman's claim is that his waiver of that right was unknowing and involuntary. We find in these narrow circumstances, where Blackman claims he was prevented from exhausting administrative remedies, he arguably did not have administrative remedies "available" to him. See 8 U.S.C. § 1252(d)(1) (court may review final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right").

3

Although we thus find that we have jurisdiction to consider Blackman's claim, we find it to be without merit. Aliens have a "right to a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf," but in order to "prevail on a due process claim, the alien must show substantial prejudice." Jarbough v. Attorney General, 483 F.3d 184, 192 (3d Cir. 2007). Blackman does not contest that his conviction constitutes an aggravated felony, nor does he claim that he is eligible for any relief from removal. Because he has not explained how the outcome would have been any different absent the alleged Due Process violations, he has not shown that he was prejudiced.[1]

For the foregoing reasons, we will deny the petition for review.[2]

---

[1] Blackman mentions in his brief that he "is currently collaterally attacking his plea agreement conviction . . . based on ineffective assistance of counsel." Petitioner's Brief at 21-22. But the pendency of post-conviction motions or other forms of collateral attack does not negate the finality of a conviction for immigration removal purposes. Paredes v. Attorney General, 528 F.3d 196, 198-99 (3d Cir. 2008). Further, even if Blackman had had a hearing before an Immigration Judge, he would not have been able to collaterally attack his conviction in immigration proceedings. In re Rodriguez-Carrillo, 22 I. & N. Dec. 1031,1034 (BIA 1999).

[2] Because we have jurisdiction, as explained above, the Government's motion to dismiss is denied.

4