**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEVGENY KANZBURG, | No. 06-73254 |
| Petitioner, | Agency No. A070-335-215 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2010
San Francisco, California

Before: TALLMAN and BYBEE, Circuit Judges, and BURGESS, District Judge.[**]

Petitioner-Appellant Yevgeny Kanzburg appeals: (1) the Board of

Immigration Appeals's ("BIA") summary affirmance of an Immigration Judge's

("IJ") decision denying Kanzburg's application for withholding of removal and

ordering Kanzburg removed to Ukraine; and (2) the BIA's denial of Kanzburg's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

motion to reopen based on ineffective assistance of counsel as untimely. Because

the IJ's decision with respect to withholding of removal is supported by substantial

evidence, and because Kanzburg did not suffer prejudice due to his attorney's

ineffective assistance, we deny Kanzburg's petition for review.[1]

I

Kanzburg argues that the BIA erred in affirming the IJ's decision denying

his application for withholding of removal. We review the IJ's findings for

substantial evidence, and must uphold these findings unless the evidence in the

record compels a contrary conclusion. *See Zehatye v. Gonzales*, 453 F.3d 1182,

1184-85 (9th Cir. 2006). An alien is entitled to withholding of removal if he

"prove[s] that it is more likely than not that he will be persecuted on account of a

statutorily-protected ground." *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000)

(quotation marks omitted). A finding that the alien has suffered past persecution

on account of a protected ground triggers a presumption that the alien has shown a

clear probability of future persecution. *See id.* at 663; 8 C.F.R. § 208.16(b)(1)(i).

---

[1] The government argues that claim preclusion bars Kanzburg's claims because he raised the exact same claims in a previous petition for review with this court in 2003. *See Kanzburg v. Ashcroft*, 103 Fed. App'x 226 (9th Cir. 2004). However, because we did not address the merits of his claims in that case, *see id.* at 227, there has not been a "final judgment on the merits in the first action," and thus claim preclusion does not apply, *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000).

Kanzburg has not suffered past persecution on account of religion. He alleged that he was beaten by military officers due to his refusal to swear allegiance to the Soviet Union, and that he refused to swear allegiance because of the treatment he had received as a Jew while living in the Soviet Union. However, this incident does not qualify as persecution "on account of" religion, because he has not shown that his alleged *persecutors* were motivated by his religion. *See Fisher v. INS*, 79 F.3d 955, 961-62 (9th Cir. 1996) (en banc); *Canas-Segovia v. INS*, 970 F.2d 599, 601 (9th Cir. 1992).

Moreover, Kanzburg has not established past persecution based on the alleged treatment of his mother in Ukraine, because he has not demonstrated that this treatment "'create[d] a pattern of persecution closely tied to [Kanzburg].'" *Korablina v. INS*, 158 F.3d 1038, 1043-44 (9th Cir. 1998) (quoting *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991)). Kanzburg has shown no connection between the alleged persecution of his mother and the persecution he allegedly suffered.

The economic discrimination alleged by Kanzburg is based entirely on speculation—Kanzburg provided neither evidence nor reasoning to support his assertion that his failure to obtain certain school admittances and employment was

3

a result of his religion. In any event, this discrimination does not rise to the level

of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995).

Kanzburg also has not established a clear probability of future persecution.

Other than Kanzburg's properly rejected claims of past persecution, Kanzburg

made no allegation before the IJ that suggests that he would be persecuted due to

his religion if he returned to Ukraine.

II

The BIA did not err in denying Kanzburg's motion to reopen because

Kanzburg did not suffer prejudice due to his counsel's failure to timely file an

appellate brief with the BIA.[2] In order for Kanzburg to prevail on his ineffective

assistance of counsel claim, he must show that he "ha[d] plausible grounds for

relief" before the BIA. *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005)

(emphasis omitted). His argument that the IJ erred by pretermitting his asylum

---

[2] We need not address Kanzburg's argument that the BIA abused its discretion in refusing to apply equitable tolling to his untimely motion to reopen; any abuse of discretion in this regard was harmless because Kanzburg was not entitled to prevail on his ineffective assistance claim. However, we question the wisdom of the BIA's refusal to allow Kanzburg's counsel to file his brief on the merits. Kanzburg's counsel promptly admitted to the BIA that he had miscalculated the filing date for his brief. Given that the BIA announced that it was deciding the case on the merits, the BIA might have saved itself and the judiciary a second round of briefing and decisions on Kanzburg's ineffective assistance of counsel claim by simply allowing the late filing of the brief.

application due to a prior conviction for an "aggravated felony," *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), is foreclosed by our previous decision in *Kanzburg v. Ashcroft*, 103 Fed. App'x 226 (9th Cir. 2004), which held that his conviction for grand theft vehicle qualifies as an "aggravated felony," *see id.* at 227. And his argument that the IJ erred in denying his application for withholding of removal lacks merit, for the reasons discussed above.

PETITION DENIED.