**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHETWYN EVERARD ARCHER, | No. 09-73951 |
| Petitioner, | Agency No. A098-800-904 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2015**
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges and WHALEY,*** Senior
District Judge.

Chetwyn Archer, a citizen of the United Kingdom, petitions for review of a

Board of Immigration Appeals (BIA) decision denying his motion to reopen his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert H. Whaley, Senior District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

removal proceedings and affirming his final order of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition.

1. The BIA properly determined that it lacked jurisdiction to consider Archer's attempt to collaterally attack the criminal conviction forming the basis of his removability. "[T]he [BIA] cannot entertain a collateral attack on a judgment of conviction, unless that judgment is void on its face." *Matter of Rodriguez-Carrillo*, 22 I. & N. Dec. 1031, 1034 (B.I.A. 1999). There is nothing in the record to suggest that Archer has successfully challenged the validity of his plea in state court, which is the proper venue for raising such a claim. *See Contreras v. Shiltgen*, 122 F.3d 30, 33 (9th Cir. 1997), *aff'd on reh'g*, 151 F.3d 906 (9th Cir. 1998) (noting that the validity of a state court conviction "can only be tested in an action against the state").

2. The BIA concluded that Archer's guilty plea to California Penal Code § 166(c)(1) subjects him to removal under 8 U.S.C. § 1227(a)(2)(E)(ii). Though the government argues that this is the correct result under the modified categorical approach, the BIA's opinion does not explain how it reached this conclusion. "In order for the court to exercise our limited authority, there must be a reasoned explanation by the BIA of the basis for its decision." *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006). In the absence of such an explanation, remand

2

is appropriate to allow the BIA to provide its analysis. *See, e.g., Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) (remanding when the BIA "fail[ed] to engage in a substantive analysis" of a crime's immigration consequences). Moreover, since the BIA last considered this case, *Descamps v. United States,* 133 S. Ct. 2276 (2013), and *Matter of Chairez-Castrejon,* 26 I. & N. Dec. 349 (BIA 2014), have explained the proper application of the categorical and modified categorical approaches. "In light of these significant intervening developments, we remand for the BIA to reconsider whether" Archer's conviction for California Penal Code § 166(c)(1) makes him removable under INA § 237(a)(2)(E)(ii). *Pannu v. Holder*, 639 F.3d 1225, 1229 (9th Cir. 2011).[1]

**PETITION GRANTED and REMANDED** for further proceedings consistent with this disposition.

---

[1]Although Archer did not raise this argument before the BIA or before this court, the government fully briefed the modified categorical approach issue. Therefore, it "suffers no prejudice from [Archer]'s failure to properly raise the issue." *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).